

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Jenny Chung*
*Assistant United States Attorney*

*970 Broad Street, 7ᵗʰ floor*
*Newark, New Jersey 07102*

*973-645-2700*

JC/PL AGR
2022R01101

May 29, 2025

**<u>VIA ELECTRONIC MAIL</u>**

Michael P. Koribanics, Esq.
Koribanics and Koribanics
685 Van Houten Ave
Clifton, New Jersey 07013
Email: michael@koribanicsandkoribanics.com

Re:    <u>Plea Agreement with Fredy Alcantar</u>

Dear Mr. Koribanics:

This letter sets forth the plea agreement between your client, Fredy Alcantar ("ALCANTAR"), and the United States Attorney for the District of New Jersey ("this Office") and supersedes all previous offers. This offer will expire on **June 16, 2025**, if it is not accepted in writing by that date. If ALCANTAR does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from ALCANTAR to a two-count Information, which charges ALCANTAR with: (1) possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); and (2) conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846 (Count Two). If ALCANTAR enters a guilty plea and is sentenced on these charges, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against ALCANTAR for possessing with intent to distribute controlled substances in Essex County, New Jersey, on or about May 16, 2023, and for conspiring with others to

distribute controlled substances in Union County and Essex County, New Jersey, from in or around April 2023 through in or around September 2023.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against ALCANTAR even if the applicable statute of limitations period for those charges expires after ALCANTAR signs this agreement, and ALCANTAR agrees not to assert that any such charges are time-barred.

Sentencing

The violations of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which ALCANTAR agrees to plead guilty in Counts One and Two of the Information each carry a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $1,000,000, or (2) a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ALCANTAR is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence ALCANTAR ultimately will receive.

Further, in addition to imposing any other penalty on ALCANTAR, the sentencing judge as part of the sentence:

(1)    will order ALCANTAR to pay an assessment of $100 per count ($200 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    may order ALCANTAR to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)    must order forfeiture, pursuant to 21 U.S.C. § 853;

(4)    may deny ALCANTAR certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5)    pursuant to 21 U.S.C. § 841, must require ALCANTAR to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should ALCANTAR be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ALCANTAR may be sentenced to not more than 2 years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of ALCANTAR's acceptance of responsibility and pursuant to 21 U.S.C. § 853, ALCANTAR agrees to forfeit to the United States any and all property constituting or derived from any proceeds ALCANTAR obtained, directly or indirectly, as the result of the violation charged in the Information, and all of ALCANTAR's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

ALCANTAR further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by ALCANTAR (the "Money Judgment"). ALCANTAR consents to the entry of an order requiring ALCANTAR to pay the Money Judgment and agrees that such Order will be final as to ALCANTAR prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating ALCANTAR's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. ALCANTAR further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

ALCANTAR waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the

forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), ALCANTAR consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to ALCANTAR prior to the sentencing. ALCANTAR understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise ALCANTAR of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. ALCANTAR further understands that ALCANTAR has no right to demand that any forfeiture of ALCANTAR's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon ALCANTAR in addition to forfeiture.

ALCANTAR further agrees that, not later than the date ALCANTAR enters the guilty plea, ALCANTAR will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If ALCANTAR fails to do so, or if this Office determines that ALCANTAR has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on ALCANTAR by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ALCANTAR's activities and relevant conduct with respect to this case.

Stipulations

This Office and ALCANTAR will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to

sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and ALCANTAR waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

ALCANTAR understands that, if ALCANTAR is not a citizen of the United States, ALCANTAR's guilty plea to the charged offense will likely result in ALCANTAR being subject to immigration proceedings and removed from the United States by making ALCANTAR deportable, excludable, or inadmissible, or ending ALCANTAR's naturalization. ALCANTAR understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. ALCANTAR wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause ALCANTAR's removal from the United States. ALCANTAR understands that ALCANTAR is bound by this guilty plea regardless of any immigration consequences. Accordingly, ALCANTAR waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. ALCANTAR also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ALCANTAR. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude ALCANTAR from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

       This agreement constitutes the entire plea agreement between ALCANTAR and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                      Very truly yours,

                                      ALINA HABBA
                                      United States Attorney

By:    Jenny Chung
          Assistant U.S. Attorney

APPROVED:

_____
Ari B. Fontecchio
Chief, Health Care Fraud
& Opioids Abuse Prevention Unit

I have received this letter from my attorney, Michael P. Koribanics, III, Esq. It has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Fredy C.A._____     Date: 6/16/2025
FREDY ALCANTAR


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____     Date: 6/16/25
Michael P. Koribanics, Esq.
Counsel for Defendant

- 8 -

Plea Agreement with Fredy Alcantar

Schedule A

1.      This Office and Fredy Alcantar ("ALCANTAR") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024 applies in this case.

Count One: Possession with Intent to Distribute Fentanyl

3.      The applicable guideline is  United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1.  Pursuant to U.S.S.G. § 2D1.1(c)(7), the offense carries a Base Offense Level of 26 because the offense involved approximately 213.9 grams of fentanyl, which is at least 160 grams but less than 280 grams of fentanyl.

4.      Thus, the applicable offense level as to Count One is 26.

Count Two: Conspiracy to Possess with Intent to Distribute Fentanyl and Methamphetamine

5.      The applicable guideline is U.S.S.G. § 2D1.1.  The offense involved 224.517 grams of fentanyl and 482 grams of methamphetamine, which convert to 1,525.2925 kilograms of converted drug weight.  The applicable guideline is U.S.S.G. § 2D1.1(c)(5).  This guideline carries a Base Offense Level of 30.

6.      Thus, the applicable offense level as to Count Two is 30.

Grouping of Multiple Counts

7.      Pursuant to U.S.S.G. § 3D1.2(d), Counts One and Two group together. The offense level for the group corresponds to the aggregated quantity, approximately 2,060.04 kilograms of converted drug weight, which in this case is 30.

8.      Whether FREDY ALCANTAR satisfies the criteria prescribed by 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2(a)(1) is yet to be determined.

9.      Within the meaning of 18 U.S.C. § 3553(f)(2) and U.S.S.G. § 5C1.2(a)(2), FREDY ALCANTAR did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

10.     Within the meaning of 18 U.S.C. § 3553(f)(3) and U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

11.     Within the meaning of 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), FREDY ALCANTAR was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

12.     Whether, within the meaning of 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5), FREDY ALCANTAR has truthfully provided to the Government, no later than the time of the sentencing hearing, all information and evidence he has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, is yet to be determined.

13.     Pursuant to U.S.S.G. § 2D1.1(b)(18), if the Court finds that FREDY ALCANTAR satisfies all the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)-(5), a two-level downward adjustment would apply.

14.     Within the meaning of U.S.S.G. § 3B1.2, FREDY ALCANTAR's participation in the charged offenses was greater than that of a minimal participant but less than that of a minor participant, and thus an additional downward adjustment of 3 levels is appropriate.

15.     As of the date of this letter, FREDY ALCANTAR has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if FREDY ALCANTAR's acceptance of responsibility continues through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

16.     As of the date of this letter, FREDY ALCANTAR has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in FREDY ALCANTAR's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) FREDY ALCANTAR enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that FREDY ALCANTAR's acceptance of responsibility has continued through the date of sentencing and FREDY ALCANTAR therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) FREDY ALCANTAR's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

17.     Accordingly, the parties agree that, depending upon the Court's resolution of the open Guideline issue(s) noted above, the total offense level ("Total Offense Level") applicable to FREDY ALCANTAR is:

        (a)    **24**;

(b)   **22**, if the Court finds that FREDY ALCANTAR meets the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5) and is therefore entitled to the two-level downward adjustment provided by U.S.S.G. § 2D1.1(b)(18); or

(c)   **20**, if the Court finds that FREDY ALCANTAR meets the criteria set forth in U.S.S.G. § 4C1.1 and is therefore entitled to an additional two-level downward adjustment.

18.    Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.  But each party may seek a variance from that Guidelines range, which the other party may oppose.

19.    If the term of imprisonment does not exceed 63 months, and except as specified in the next paragraph below, FREDY ALCANTAR will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel.  The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.  If the term of imprisonment is at least 33 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge.  The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

20.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement.  Moreover, the preceding paragraph does not apply to:

(a)   Any proceeding to revoke the term of supervised release.

(b)   A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)   An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).